■ MICHAEL GOEDKOOP, an Infant, by His Father, JOHAN GOEDKOOP, et al., Respondents, v WARD PAVEMENT CORP. et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Rockland County, entered July 13, 1976, which denied their separate motions for summary judgment. Order reversed, on the law, without costs or disbursments, motions granted, and complaint dismissed. In this negligence action for personal injuries, plaintiffs allege that the defendants were engaged in demolition work sometime during the years 1968 and 1969 in a residential area near plaintiffs' home and that they left a series of blasting caps at the job site. It was further alleged that the infant plaintiff discovered the caps in the spring of 1969, took them home and did not see them again until March 23, 1971, when one of the caps exploded as the infant inserted a compass point into one end of that cap. Defendants interposed their answers and, at the conclusion of the examinations before trial, moved for summary judgment on the ground that there were no triable issues of fact and that there was no factual basis for the claims asserted against them. The Special Term denied defendants' motions on the ground that there existed issues of fact "as to the degree of care exercised by the defendants". In our view, the defendants' motions should have been granted. The testimony and the documentary evidence adduced at the examinations before trial represents the sum total of proof

which would be available to plaintiffs at the trial. An examination of the pertinent testimony and documentary evidence adduced at the examinations before trial indicates that defendants conducted blasting in the area which was completed in September, 1967. The entire job site was declared safe and complete by the State of New York in October, 1968, after a physical inspection of the job site conducted in June, 1968 revealed that the job site was free from debris and other construction materials. In opposing the motion for summary judgment, plaintiffs failed to come forward with any proof that defendants had blasted in the area in 1969 or even 1968. Under the circumstances, any claim that the blasting caps allegedly picked up by the infant plaintiff were left there by the defendants would be based on nothing more than a speculative inference, particularly since the caps used by the defendants were different in shape, etc., from the one which injured the infant plaintiff. Consequently, defendants' motions for summary judgment should have been granted. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.